**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-10713

Non-Argument Calendar

_____

CORRY E. PEARSON,

*Plaintiff-Appellant,*

*versus*

EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.,

TRANS UNION, LLC,

CITIBANK, N.A.,

UNITED COLLECTION BUREAU, INC.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 9:25-cv-81124-AMC

_____

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Corry Pearson, proceeding pro se, filed this action alleging eight claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. He alleged that the first four of the five defendants, three consumer reporting agencies and a collection company, had inaccurately reported a tradeline associated with an account that Pearson had with the fifth defendant, CitiBank N.A. ("CitiBank"). In an order entered on March 3, 2026, the district court granted the first four defendants' joint motion to dismiss as to Counts I-VI and VIII and terminated them from the case. This left Count VII against CitiBank still pending. Pearson appealed the March 3 order.

Because it did not dispose of all claims of all defendants, the court's March 3 order was not final. *See* 28 U.S.C. §§ 1291, 1292; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012) (explaining that an order that disposes of fewer than all the claims of all parties to an action is not final or immediately appealable unless the district court certifies the order for immediate review pursuant to Fed. R. Civ. P. 54(b)); Fed. R. Civ. P. 54(b) (providing for entry of judgment as to fewer than all claims or parties). Further, the March 3 order is not an appealable interlocutory order because the district court did not certify its order as immediately appealable under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b), the order did not resolve an issue completely separate from the merits, and the order is effectively reviewable upon appeal from

26-10713                Opinion of the Court                                3

the final judgment.  *See* Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292(b); *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that, under the collateral order doctrine, an order that does not conclude the litigation may be appealed if it resolves an important issue completely separate from the merits of the action and would be effectively unreviewable on appeal from a final judgment).